**In re the Application of Joseph E. OWENS for Admission to Practice Law.**

**SCBD No. 3877.**

Supreme Court of Oklahoma.

June 22, 1993.

**1134**

Joseph E. Owens, Bar Applicant, pro se.

OPALA, Justice.

The question to be answered is whether federal or state due process re-

quires that a Rule 11 fitness hearing [1] be afforded a bar candidate whose application shows on its face that he does not meet the Rule 2 [2] prerequisites for admission without examination as an out-of-state lawyer. We answer in the negative.

## I

## THE BAR APPLICANT'S CLAIM TO ADMISSION WITHOUT EXAMINATION

Joseph E. Owens [bar applicant or Owens] graduated from Woodrow Wilson College of Law in Atlanta, Georgia, an institution unaccredited by the American Bar Association [ABA]. In 1978 he passed the Iowa bar examination, was admitted to the bar and practiced in that state until his November 14, 1986 suspension *after* conviction of a felony.[3] Owens' license to practice law in Iowa was revoked in August 1988.

Owens moved to this State in 1992 and applied for admission to the Oklahoma bar under Rule 2,[4] which gives reciprocity to practising lawyers from certain eligible states.[5] When the Oklahoma Board of Bar

---

1. The terms of Rule 11, Rules Governing Admissions to the Practice of Law in the State of Oklahoma, 5 O.S.1991, Ch. 1, App. 5, prescribe *post-rejection notice and hearing* when an applicant fails to meet *Rule One's ethical qualifications for admission.* For Rule One's pertinent terms *see infra* note 11. The pertinent terms of Rule 11 are:

   "Section 1. Should the Board of Bar Examiners ... refuse to grant an applicant admission to practice without examination ... then a written notice shall be mailed to such applicant stating the section ... *under Rule One* upon which the refusal is based....
   "Section 2. In the event the applicant wishes to take issue with the Board's decision, applicant shall be entitled to a hearing before the Board by delivering a written request for a hearing to the Board within twenty (20) days after the notice of refusal has been mailed to the applicant. * * *" [Emphasis supplied.]

2. The pertinent terms of Rule 2, Rules Governing Admission to the Practice of Law in the State of Oklahoma, 5 O.S.1991, Ch. 1, App. 5, provide:

   "The following persons, when found by the Board of Bar Examiners to be qualified under Sections 1 and 2 of Rule One, may be admitted by the Supreme Court to the practice of law in the State of Oklahoma *upon the recom-*

*mendation and motion of the Board, without examination:*
   "* * *
   "Section 2. Persons who have been lawfully admitted to practice and are *in good standing in a reciprocal state and engaged in the actual and continuous practice of law for at least five years of the seven years immediately preceding application for admission under this Rule and who are graduates of an American Bar Association approved law school.* * * *" [Emphasis supplied.]

3. This bar applicant has been convicted in the United States District Court, Southern District of Iowa, of conspiracy to possess with the intent to distribute ½ ounce of cocaine, a Class D felony.

4. For the pertinent terms of Rule 2, *see supra* note 2.

5. Oklahoma affords lawyers from "reciprocal states" the opportunity to *qualify* for admission without an examination *if the out-of-state lawyer's credentials meet the Rule 2 criteria.* A "reciprocal state" is one which allows admission on motion to Oklahoma lawyers and judges, dispensing with an examination. Rule 2, Rules Governing Admission to the Practice of Law in the State of Oklahoma, 5 O.S.1991, Ch. 1, App. 5.

Examiners [Board] refused to admit him without an examination, Owens requested a Rule 11 hearing[6] to establish his ethical fitness to practice law. The Board notified Owens that a hearing was not called for because (a) *Owens had not been rejected for lack of ethical fitness* and (b) *his application facially shows him to be ineligible for admission without examination as an out-of-state lawyer.* He presses today for a Board hearing to establish his ethical fitness and "try and demonstrate that he should be allowed the opportunity to practice law upon his Motion."[7] He also seeks the court's procedural advice on how to go about getting an Oklahoma license.[8]

## II

## THE BAR APPLICANT'S CLAIM TO A RULE 11 FITNESS HEARING IS PREMATURE

An applicant may qualify for admission to the Oklahoma bar either (a) without examination under Rule 2[9] or (b) by examination as prescribed by Rules 3 through 6.[10] *All* applicants must meet the Bar's ethical fitness standards and age criterion; they must also take an oath and sign the roll of attorneys.[11]

■ Federal and state due process standards govern state bar admission proceedings.[12] The Board has a duty to provide all applicants for admission to the bar who are rejected *for ethical unfitness* with (a) notice of the reasons why their quest for admission is refused and (b) post-rejection review.[13]

The Board notified Owens that he lacked three *essential prerequisites* to admission without examination: (1) he had not been practising law, for at least five of the seven years last preceding his application, in a state extending reciprocity, (2) he was not in good standing in the state where he had been practising and (3) he did not graduate from an ABA approved law school. *In short, his application fell short of bringing him within the Rule 2 standards for admission without examination as an out-of-state lawyer.*

The Board has *not* yet reached for decision the question whether Owens would meet the Rule One qualifications which provide that "[t]o be admitted to the practice of law ... the applicant ... shall have good moral character, due respect for the law, and fitness to practice law."[14] *A contest on the character and fitness issue has not arisen. Neither the federal nor state due process requirement for post-rejection notice and hearing has been impli-*

6. For the pertinent terms of Rule 11, *see supra* note 1.

7. Before us today are Owens' "petition for hearing" and his "supplemental petition for hearing."

8. This court, when acting as a bar licensing tribunal, does not function in an *advisory capacity* in reviewing post-rejection actions by the Board. We must hence decline to answer the bar applicant's queries.

9. For the pertinent terms of Rule 2, *see supra* note 2.

10. Rules 3 through 6, Rules Governing Admission to the Practice of Law in the State of Oklahoma, 5 O.S.1991, Ch. 1, App. 5, govern an applicant's admission by examination.

11. The pertinent terms of Rule One, Rules Governing Admission to the Practice of Law in the State of Oklahoma, 5 O.S.1991, Ch. 1, App. 5, are:

"To be admitted to the practice of law in the State of Oklahoma, the applicant:
"Section 1. *Shall have good moral character, due respect for the law, and fitness to practice law;*
"Section 2. Shall be at least 18 years of age;
"Section 3. *Shall have met all the conditions and requirements hereinafter set forth which may be applicable;*
"Section 4. Shall take the following oath and file the same with the Clerk of the Supreme Court: * * *
"Section 5. Shall have signed the Roll of Attorneys...." [Emphasis supplied.]

12. *Application of Mailath*, Okl., 752 P.2d 803, 805 (1988); *Willner v. Committee on Character and Fitness*, 373 U.S. 96, 103–104, 83 S.Ct. 1175, 1180, 10 L.Ed.2d 224 (1963).

13. *Mailath, supra* note 12 at 805.

14. Rule One, Rules Governing Admissions to the Practice of Law in the State of Oklahoma, 5 O.S.1991, Ch. 1, App. 5, *supra* note 11.

cated.[15]  *The bar applicant's request for a Rule 11 hearing on his ethical fitness to practice law is therefore denied as premature.*

DECISION AFFIRMED; HEARING ON ETHICAL FITNESS DENIED AS PREMATURE.

All Justices concur.

**15.**  *See Mailath, supra* note 12 at 805;  *Willner, supra* note 12 at 373 U.S. at 103–104, 83 S.Ct. at 1180–1181.